UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PEDRO LEIJA, JR.,

       Plaintiff,                         CASE NO. 07-CV-13529

-vs-                                          PAUL D. BORMAN
                                             UNITED STATES DISTRICT JUDGE
HARVEY A. KOSELKA,
MARTINA "DOE," and
JOSEPH J. GONZALEZ,

       Defendants.
_____/

**OPINION AND ORDER**
**DISMISSING PLAINTIFF'S PRO SE CIVIL RIGHTS COMPLAINT**

Plaintiff Pedro Leija, Jr., ("Plaintiff") is a state prisoner at Kinross Correctional Facility in Kincheloe, Michigan. He has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Defendants are: (1) Harvey A. Koselka, a Lenawee County circuit judge; (2) Martina "Doe," a deputy clerk for Lenawee County Circuit Court; and (3) Joseph J. Gonzalez, the Freedom of Information Act Coordinator for the Lenawee County Probation Department. Plaintiff has sued Judge Koselka in his official capacity and the other defendants in their individual and official capacities.

**I.    BACKGROUND**

The complaint and exhibits allege that Plaintiff was convicted of second-degree murder in 1987, and sentenced as a habitual offender to imprisonment for thirty-five to eighty years. His conviction was affirmed on appeal, and his federal habeas corpus petition was denied. *See People v. Leija*, No. 150645 (Mich. Ct. App. Sept. 1, 1992) (unpublished); *lv. denied*, 444 Mich. 943

1

(1994) (table); *Leija v. Elo*, 9 Fed. Appx. 500 (6th Cir. May 17, 2001) (unpublished) (affirming the district court's dismissal of the habeas corpus petition).

From July of 2005 to March 19, 2007, Plaintiff tried to obtain copies of items in his criminal case, including the state court docket, missing pages from the transcript of trial, the judgment of conviction and sentence, and the sentencing information report. He wrote to the Clerk of the Lenawee County Circuit Court and to the Lenawee County Probation Department. He also filed motions for documents under Michigan Court Rule 6.433. The defendants denied all of Plaintiff's requests and motions.

Plaintiff alleges that he needed the requested items to challenge his conviction and sentence. He contends that the defendants' actions violated his constitutional rights to due process and equal protection of the law. He seeks declaratory, injunctive, and monetary relief.

## II.    ANALYSIS

To successfully establish a *prima facie* case under § 1983, a civil rights plaintiff must prove that the defendants acted under color of law and deprived the plaintiff of rights secured by federal law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). When, as here, a prisoner has been granted leave to proceed without prepayment of the filing fee for an action, his civil rights complaint against a governmental entity, officer, or employee may be dismissed if it (1) is frivolous, malicious, or fails to state a claim for which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). As for failure to state a claim on which relief may be granted:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests," While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations and footnote omitted); *see Ass'n of Cleveland Fire Fighters v. Cleveland, Ohio*, – F.3d –, 2007 WL 2768285, *2 (6th Cir. 2007).

### A. Plaintiff's Claims

Allegations that the defendants violated the Michigan Freedom of Information Act, Michigan Court Rule 6.433, or other provisions of state law are not a proper basis for relief under § 1983. *Pyles v. Raisor,* 60 F.3d 1211, 1215 (6th Cir.1995). "Mere violation of a state statute does not infringe the federal Constitution." *Snowden v. Hughes*, 321 U.S. 1, 11 (1944).

The allegations against Judge Koselka are frivolous and fail to state a claim because judges enjoy absolute immunity from liability for actions taken in their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 9-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 355-64 (1978). State court judges are even immune from injunctive relief, except in circumstances not relevant here. 42 U.S.C. § 1983 (stating that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"). "[F]ederal courts have no authority . . . . to direct state courts or their judicial officers in the performance of their duties." *Haggard v. Tennessee,* 421 F.2d 1384, 1386 (6th Cir. 1970).

Deputy court clerk Martina "Doe" likewise enjoys absolute or absolute immunity from liability under § 1983 for judicial or quasi-judicial actions. *See, e.g., White v. Gerbitz*, 892 F.2d 457, 464-65 (6th Cir. 1989).

The allegations about defendant Gonzalez are frivolous because his response conformed to the Michigan Freedom of Information Act, which precludes prisoners from making requests under the Act. *See* Mich. Comp. Laws §§ 15.231(2) and 15.232(c). The Michigan Court of Appeals has held that the Act does not apply even to a prisoner's request for records of his own criminal trial. *Seaton v. Wayne County Prosecutor,* 225 Mich. App. 1, 2-4 (1997). Gonzalez could not have provided copies of the pre-sentencing report even if he had been inclined to do so, because the report was not on file. *See* Compl., App. A-1, at 2.

**B.     The Constitutionality of Michigan's Freedom of Information Act**

Plaintiff seeks a ruling that the Michigan Freedom of Information Act is unconstitutional. He claims that the Act violates his rights to due process and equal protection of the law.

1.     Equal Protection

The Equal Protection Clause of the Fourteenth Amendment states that "[n]o State shall . . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Clause requires that similarly situated individuals be treated alike. *City of Cleburne v. Cleburne Living Ctr., Inc.,* 473 U.S. 432, 439 (1985); *Buchanan v. Bolivar, Tenn.*, 99 F.3d 1352, 1360 (6th Cir. 1996).

Plaintiff has not shown that he was treated any differently from other people seeking a sentencing information report under the Freedom of Information Act. Thus, no violation of the

4

Equal Protection Clause occurred when defendant Gonzalez declined to grant Petitioner's request under the Act. *See Fisher v. King*, 232 F.3d 391, 399 (4th Cir. 2000) (concluding that a prisoner who failed to show how he was treated differently from any other person, prisoner or non-prisoner, under the Virginia Freedom of Information Act failed to state an equal protection claim under the plain language of the Clause).

Furthermore, a governmental classification generally will be upheld if it bears a rational relationship to a legitimate governmental end and does not burden a fundamental right or target a suspect class. *Romer v. Evans*, 517 U.S. 620, 631 (1996). Although inmates are protected by the Equal Protection Clause of the Fourteenth Amendment, they "are not a suspect class," *Hadix v. Johnson*, 230 F.3d 840, 843 (6th Cir. 2000).

The prisoner-exclusion provision of the Michigan Freedom of Information Act is rationally related to a legitimate interest in preventing scarce governmental resources from being squandered by prisoners' frivolous requests for information. *Proctor v. White Lake Twp. Police Dep't,* 248 Mich. App. 457, 469 (2001). Therefore, the Act does not violate the Equal Protection Clause.

        2.      Due Process

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "The right to prior notice and a hearing is central to the Constitution's command of due process." *United States v. James Daniel Good Real Property*, 510 U.S. 43, 53 (1993). "To establish a procedural due process claim pursuant to § 1983, plaintiffs must establish three elements: (1) that they have a life, liberty, or property interest protected by the Due Process Clause of the Fourteenth Amendment to

5

the United States Constitution, (2) that they were deprived of this protected interest within the meaning of the Due Process Clause, and (3) that the state did not afford them adequate procedural rights prior to depriving them of their protected interest." *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999).

Even if Plaintiff had a protected interest in obtaining information under the Freedom of Information Act, the Act provides for appeals from the denial of a request. *See* Mich. Comp. Laws § 15.240(1). Plaintiff was informed of the reasons for the denial of his request and two options he could take following the denial of his request: (1) commence an action in circuit court to compel disclosure of the public records; or (2) file a written appeal. *See* Compl., App. A-1, at 1. Thus, Plaintiff received all the process he was due, namely, notice and an opportunity to be heard.

## III. CONCLUSION

Plaintiff's complaint is frivolous, fails to state a claim for which relief may be granted, and seeks monetary relief from defendants who are immune from such relief. Consequently, the complaint is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2) and 1915A. An appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**SO ORDERED.**

s/Paul D. Borman
**PAUL D. BORMAN**
**UNITED STATES DISTRICT JUDGE**

Dated: October 10, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 10, 2007.

                                                  s/Denise Goodine
                                                  Case Manager